FILED

1   JOEL McCABE SMITH (State Bar No. 50973)
    ELIZABETH L. SCHILKEN (State Bar No. 241231)
2   LEOPOLD, PETRICH & SMITH, P.C.          2013 JAN -4  PM 3: 36
    2049 Century Park East, Suite 3110
3   Los Angeles, California 90067-3274      CLERK U.S. DISTRICT COURT
    Tel: (310) 277-3333 • Fax: (310) 277-7444   CENTRAL DIST. OF CALIF.
4   Email: jsmith@lpsla.com                      LOS ANGELES

5   Attorneys for Defendants                 BY _____
    WHACKO, INC. and CAROL BURNETT
6

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11                                      CV 13 - 00083 - R
                                               (VBK)
12   BOB BANNER ASSOCIATES, INC., a     CASE NO.
     California corporation,
13                                      DEFENDANTS' NOTICE OF
               Plaintiff,               REMOVAL
14
          v.
15
     WHACKO, INC., a California
16   corporation; CAROL BURNETT, an
     individual: Does 1 Through 100, Inclusive
17
               Defendants.
18

19

20

21

22

23

24

25

26

27

28

                                    1

1    Defendants Whacko, Inc., a California corporation, and Carol Burnett, an
2 individual (collectively, "Defendants" or "Burnett"), by and through their undersigned
3 counsel, and pursuant to 28 U.S.C. §§1331, 1338(a), 1367(a), 1441(a), and 1446(a)
4 and (b), remove to this Court the entire action pending in the Superior Court of
5 California, County of Los Angeles, Case No. BC496115 (the "State Action").  The
6 grounds for removal are as follows:

7    As shown below, this Court has original federal question jurisdiction over this
8 case under 28 U.S.C. §§1331 and 1338(a), and supplemental jurisdiction under 28
9 U.S.C. §1367(a).

10    1.    On November 21, 2012, Plaintiff filed a lawsuit and obtained summons
11 from the Superior Court in Los Angeles, California.  On December 7, 2012, the
12 summons and complaint were served on Defendants.  True and correct copies of the
13 summons and complaint are attached hereto as Exhibits A and B, respectively.
14 Attached as Exhibit C is the Civil Case Cover Sheet, with Addendum.  Attached as
15 Exhibit D is the Notice of Case Assignment.  Attached as Exhibit E is the ADR
16 Information Package.  Attached as Exhibit F are the Voluntary Efficient Litigation
17 Stipulations.

18    2.    Any action brought in state court in this district may be removed to this
19 Court if this Court has original jurisdiction over the action.  *See* 28 U.S.C. §1441(a)
20 (". . . any civil action brought in a State Court of which the District Courts of the
21 United States have original jurisdiction, may be removed by the defendant or the
22 defendants, to the District Court of the United States for the District and Division
23 embracing the place where such action is pending."); *id.*, §1331 (the ". . . District
24 Courts shall have original jurisdiction of all civil actions arising under the . . . laws . . .
25 of the United States."); §1338(a) (". . . District Courts shall have original jurisdiction
26 of any civil action arising under any Act of Congress relating to . . . copyrights . . . .").

27    3.    The Notice of Removal must be filed within 30 days of the complaint's
28 being served on Defendants.  See 28 U.S.C. §1446(b) ("the notice of removal of a

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28485

civil action or proceeding shall be filed within 30 days after receipt by the defendant . . . of a copy of the initial pleading . . . ."). This Notice of Removal is timely filed because it was filed within 30 days of the service of the Complaint on Defendants.

4.      This Court has original jurisdiction over this action pursuant to this Court's federal question jurisdiction. *See* 28 U.S.C. §§1331 and 1338(a).

5.      Plaintiff's Complaint contains an accounting claim which requires determination of the ownership interests of the parties in copyrighted episodes of the hit television variety show, *The Carol Burnett Show* (the "Show"). This determination turns on the doctrine of joint authorship under the 1909 Copyright Act, and the provision of the 1909 Act governing works for hire.

6.      Television producer Bob Banner, owner of Plaintiff Bob Banner Associates, Inc. ("Plaintiff"), served as executive producer of the Show for several of its 11 years, starting with its debut in 1967. Plaintiff's Complaint seeks an accounting of Defendants' profits from exploitation of the Show, based on Plaintiff's claim that it is a "co-owner" of the Show with Defendants. Complaint, ¶¶1, 36-38.[1]

7.      Plaintiff bases its claim of co-ownership on its purported co-authorship of the Show. Complaint, ¶13 (referencing the "closing credit of the first episode of the Show"); Ex. G (screen shot of closing credit of first episode, describing the episode as "a Burngood, Inc. and Bob Banner Associates production").[2] However, although

---

[1] Mr. Banner passed away in 2011, nearly four decades after he left *The Carol Burnett Show*. To Defendants' knowledge, he did not once in those four decades make a claim against Defendants alleging "co-ownership" of the Show or demanding an accounting for profits therefrom. This lawsuit is being brought by his company Bob Banner Associates, Inc., which Defendants are informed and believe is now run by his son, Chuck Banner.

[2] Exhibit G, a screen shot of the closing credit of the first episode, is expressly referenced in the Complaint (¶13) and thus is properly deemed incorporated by reference. *See, e.g., Reinhardt v. Wal-Mart Stores, Inc.*, 547 F.Supp.2d 346, 354 (S.D.N.Y. 2008) (recording agreement that was referenced in Plaintiff's complaint for copyright infringement deemed incorporated by reference into the complaint, on Rule 12(b)(6) motion to dismiss). Also attached as Exhibit H are screen shots of the closing credits of subsequent episodes Nos. 2-6, which are expressly referenced in the Complaint (¶13).

3

NOTICE OF REMOVAL

1  Plaintiff was a producer of the Show, Plaintiff would be a "co-author" only if it made

2  copyrightable contributions to the Show, and if it rendered its services independently

3  and <u>not</u> on a work-for-hire[3] basis.  17 U.S.C. §26 (1909 Copyright Act); *Pye v.*

4  *Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978); *see also* 17 U.S.C. §§101, 201(a)-(b)

5  (current Act).

6      8.    As demonstrated <u>on the face of Plaintiff's Complaint</u>, Defendants dispute

7  Plaintiff's contention that Plaintiff is a co-author or co-owner of the Show.

8  Complaint, ¶¶14-16.  The Complaint alleges that Carol Burnett's company, Burngood,

9  Inc. (the predecessor-in-interest to Whacko, Inc.[4]) registered the copyrights in

10  episodes of the Show with the U.S. Copyright Office solely under the name of

11  Burngood, Inc., thus claiming that only Burngood, Inc. owned the copyrights in the

12  Show. *Id.*

13      9.    Resolution of Plaintiff's copyright accounting claim involves

14  <u>interpretation of the 1909 Copyright Act</u> because Plaintiff's claim of copyright co-

15  ownership turns on the doctrine of joint authorship under the 1909 Act, and the "work

16  for hire" provision of the Act.

17      10.   A copyright case gives rise to federal subject matter jurisdiction if "'(1)

18  the complaint asks for a remedy expressly granted by the Copyright Act; (2) the

19  complaint requires an interpretation of the Copyright Act; or (3) federal principles

20  should control the claims.'" *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir.

21  2010) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)).  <u>A</u>

22  <u>plaintiff's state-law claims arise under the Copyright Act when they turn on whether a</u>

23  <u>defendant's contributions to a work were rendered on a "work for hire" basis.</u>

24  _____

25      [3] *Lin-Brook Builders Hardware v. Gertler*, 352 F.2d 298, 300 (9th Cir. 1965)
(under 1909 Copyright Act, "[W]hen one person engages another, whether as

26  employee or as an independent contractor, to produce a work of an artistic nature, …
in the absence of an express contractual reservation of the copyright in the artist, the

27  presumption arises that the mutual intent of the parties is that the title to the copyright
shall be in the person at whose instance and expense the work is done.").

28      [4] Complaint, p. 2, n.1.

NOTICE OF REMOVAL

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28485

1    *JustMed, supra,* 600 F.3d at 1124-1125 (federal District Court had jurisdiction over

2    state-law claims for conversion and misappropriation of trade secrets, where

3    defendant had deleted copyrighted source code from plaintiff's computers, because

4    plaintiff was required to prove, as an element of its state-law claims, that it owned the

5    source code as a work for hire).  "[A] dispute that turns on whether a copyrighted

6    work was created independently or as a 'work made for hire' is an *ownership dispute*

7    that unquestionably arises under the Copyright Act." *Scandinavian Satellite Sys., AS*

8    *v. Prime TV Ltd.*, 291 F.3d 839, 845 (D.C. Cir. 2002) (cited in *JustMed, supra,* 600

9    F.3d at 1125); *see also Lombardi v. Suares*, 923 F.Supp. 51, 53-54 (S.D.N.Y. 1996)

10   (plaintiff's declaratory relief and accounting claims arose under the Copyright Act

11   because they turned on whether he was a joint author or "work for hire" author).

12   "[A]ll of the federal circuit courts of appeal that have addressed the issue ... agree that

13   a determination of copyright ownership based on a disputed allegation of co-

14   authorship presents a federal question that arises under, and must be determined

15   according to, the Copyright Act." *Kings Road Entertainment, Inc. v. West Cost*

16   *Pictures*, 2012 WL 5937968, *2 (C.D. Cal, Nov. 26, 2012) (internal quotation marks

17   and citation omitted).

18          11.    In *Kings Road*, the plaintiff claimed ownership of copyright (to the

19   exclusion of defendant) by means of a contract *and* "applicable law," which the

20   District Court found to mean the coauthorship provisions of copyright law. *Id.* at *3.

21   The District Court thus found that the case required an interpretation of the Copyright

22   Act.  "'[U]nlike a case where a dispute as to copyright ownership arises [solely] under

23   an agreement between the parties, resolution of which depends on state contract law

24   ... copyright ownership by reason of one's status as a co-author of a joint work arises

25   directly from the terms of the Copyright Act itself.'" *Id.* (second brackets in original)

26   (quoting *Merchant v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996)).  Because Plaintiff's

27   accounting claim involves a determination of whether Plaintiff is a co-author or a

28   "work for hire" author, Plaintiff's claim arises under the Copyright Act. *JustMed,*

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28485

1   *supra*, 600 F.3d at 1124-1125.

2       12.    Additionally, Plaintiff's Complaint alleges that certain works are

3   "derivative" of the Show, including the 1980s television sitcom *Mama's Family*, and

4   that Plaintiff is thus entitled to an accounting of all profits derived from such

5   "derivative" works.  A determination of whether *Mama's Family* and other works are

6   "derivative works" of the Show, pursuant to 17 U.S.C. §101, involves construction of

7   the 1976 Copyright Act.  *See Spurgeon v. Scantlin*, 502 F.Supp.2d 1021, 1024 (W.D.

8   Mo. 2007) (plaintiff's accounting claim arose under copyright law, where plaintiff

9   alleged co-authorship of two songs with defendant and alleged that third song was a

10   derivative work for which defendant owed a duty to account).

11       13.    Plaintiff's Complaint asserts three additional claims for breach of

12   fiduciary duty, conversion, and unfair business practices under Cal. Bus. & Prof. Code

13   §17200, *et seq.* The District Court has supplemental jurisdiction over these claims

14   because they derive from the same nucleus of operative fact as does Plaintiff's

15   accounting claim.  28 U.S.C. §1367(a); *see United Mine Workers of America v. Gibbs*,

16   383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *A Slice of Pie Productions,*

17   *LLC v. Wayans Bros. Entertainment*, 392 F.Supp.2d 297, 303 (D. Conn., 2005) (in

18   copyright and trademark infringement case, exercising supplemental jurisdiction over

19   state-law breach of contract and breach of fiduciary duty claims).

20       14.    Copies of this Notice of Removal are being served on Plaintiff's counsel

21   and filed with the clerk of the Superior Court of California, County of Los Angeles, in

22   the State Action.

23       15.    This Notice of Removal has been signed pursuant to Rule 11 of the

24   Federal Rules of Civil Procedure.

25       16.    Wherefore, Defendants request that this action proceed in this Court

26   pursuant to 28 U.S.C. §§1331, 1338(a), 1367(a), 1441(a), and 1446(a) and (b).

27       17.    For the reasons stated above, this case has been properly removed.  In the

28   event this Court should have questions about the propriety of the removal, removing

6

**NOTICE OF REMOVAL**

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

28485

1  parties respectfully request that the Court issue an Order to Show Cause why the case

2  should not be remanded, thus providing the parties an opportunity to provide the

3  Court with full briefing and argument.  Such a procedure is warranted since a remand

4  order is not subject to direct appellate review.

5                                                          Respectfully submitted,

6

7

8  DATED:  January 4, 2013                  LEOPOLD, PETRICH & SMITH
                                            A Professional Corporation
9

10                                          By: _____

11                                          JOEL MCCABE SMITH
                                            ELIZABETH L. SCHILKEN
12                                          Attorneys for Defendants
                                            WHACKO, INC. and
13                                          CAROL BURNETT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28485                                       **NOTICE OF REMOVAL**

# EXHIBIT A

**ORIGINAL**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

WHACKO, INC., a California Corporation; CAROL BURNETT, an individual; DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Bob Banner Associates, Inc., a California Corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 2 1 2012

John A. Clarke, Executive Officer/Clerk

BY _____ Deputy
Istuvia Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | **CASE NUMBER:** *(Número del Caso)* BC 4 9 6 1 1 5 |

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Schwarcz, Rimberg, Boyd & Rader, LLP, 6310 San Vicente Blvd., Suite 360 LA, CA 90048; (323) 302-9488

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* NOV 2 1 2012 John A. Clarke | Clerk, by *(Secretario)* | Istuvia Chambers | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* WHACKO, INC.

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**

# EXHIBIT B

ORIGINAL
AU029
00036

DAVID SCHWARCZ, ESQ. (SBN 152896)
DARCY R. HARRIS, ESQ. (SBN 200594)
SHERLI SHAMTOUB, ESQ. (SBN 270022)
SCHWARCZ, RIMBERG, BOYD & RADER LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 21 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Ishaylia Chambers

Attorneys for PLAINTIFF, Bob Banner Associates, Incorporated

D20  Kenn C Brazile

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| BOB BANNER ASSOCIATES, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>WHACKO, INC., a California Corporation; CAROL BURNETT, an individual; DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:   **BC496115**<br><br>**COMPLAINT FOR:**<br><br>1. **ACCOUNTING**<br>2. **BREACH OF FIDUCIARY DUTY**<br>3. **CONVERSION**<br>4. **UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200 et seq.]**<br><br>**JURY TRIAL DEMANDED** |

CIT/CASE:     BC496115
LEA/DEF#:

RECEIPT #: CCH53917907S
DATE PAID: 11/21/12     03:16 PM
PAYMENT: $435.00
RECEIVED:

CHECK:                      $435.00
CASH:                         $0.00
CHANGE:                       $0.00
CARD:                         $0.00

3:0

COMPLAINT

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

**EXHIBIT B**

ORIGINAL

Plaintiff BOB BANNER ASSOCIATES, INC. ("BBA" or "Plaintiff"), hereby alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff BBA and Defendant WHACKO, INC. ("Whacko") are co-owners of the copyrights in the iconic variety/sketch comedy television show *The Carol Burnett Show* (the "Show"). Notwithstanding the parties' co-ownership of the Show and the works which were derived from the Show, such as *Mama's House* and reunion specials, Whacko has failed to provide BBA an accounting of the profits it has earned from its use and exploitation of the Show. By way of this action, and other claims alleged herein, BBA seeks to recover unpaid earnings realized and held by Whacko and its predecessors-in-interest, and hold Whacko and defendant CAROL BURNETT ("Burnett") (Burnett and Whacko are herein referred to collectively as "Defendants") jointly and severally accountable for their breaches of the fiduciary duty owed to BBA.

## JURISDICTION

2.     This Court has personal jurisdiction over the parties to this action as Plaintiff and Whacko are California corporations with their principal places of business headquartered in Los Angeles County. Burnett is a domiciliary of Los Angeles County.

3.     This Court has subject matter jurisdiction over the claims pled herein because Plaintiff's claims arise from equitable doctrines relating to unjust enrichment and general principles of law governing the duties of tenants-in-common, partnerships and/or joint ventures. In addition, Plaintiff alleges violation of California state law. *See Bus. & Prof. Code* § 17200 et seq.

## VENUE

4.     Venue is proper in this district because a substantial part or all of the event(s) or omission(s) and the injury to Plaintiff giving rise to the claims occurred in Los Angeles County.

## PARTIES

5.     Plaintiff BBA is a California corporation with its principal place of business and/or its headquarters in Los Angeles County.

6.     Defendant Whacko is a California corporation with its principal place of business and/or its headquarters in Los Angeles County.

7.     Defendant Burnett, an individual, is, and at all times relevant hereto was, a domiciliary of Los Angeles County.

8.     The true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff shall amend this Complaint to allege their true names and capacities when the same have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that each of the said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences and transactions alleged herein.

10.     Plaintiff is informed and believes and thereon alleges that in performing the unlawful acts alleged herein, each Defendant was the agent, employee, and representative of each of the remaining Defendants, and in doing the unlawful things alleged, was acting within the course, purpose, scope and authority of such agency, employment or representation.   In particular, and without limitation, on information and belief, Defendant Whacko was at all relevant times acting as the agent of Defendant Burnett, and Whacko's conduct as described herein was performed at the direction of and/or with the participation, knowledge and/or ratification of Burnett.

## FACTS

11.     In or about 1967, Mr. Bob Banner ("Banner") and Ms. Burnett entered into a partnership or joint-venture for the purpose of creating the Show (the "Partnership"). The Partnership, which was between Banner's company, BBA, and Burnett's companies, Burngood, Inc. ("Burngood") and/or Punkin Productions, Inc. ("Punkin"), continued uninterrupted until in or about 1972.[1]

12.     The purpose and product of the Partnership was the Show – a celebrated and iconic television comedy show that continues to garner a strong demand for distribution and syndication.

13.     The copyright notice provided in the closing credit of the first episode of the Show identifies BBA and Burngood as co-copyright owners. BBA is informed, believes and thereupon

---

[1] On information and belief, in or about 1976, Burngood merged with Whacko, and Whacko succeeded to all of Burngood's rights and properties, including its copyrights to the Show. The following year, in or about 1977, Punkin merged with Whacko, and Whacko succeeded to all of Punkin's rights and properties, including its copyrights to the Show.

SCHWARCZ, RIMBERG, BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

COMPLAINT

- 2 -

1    alleges that every episode of the Show from 1967 to 1972 contained a valid copyright notice,

2    which identified BBA as a co-owner of the copyrights to the Show.

3        14.    Approximately one and a half years following the airing of the Show, in or about March

4    1969, Burngood registered the first copyright registration for the Show solely in Burngood's

5    name. BBA was not identified anywhere in the registration.

6        15.    Thereafter Burngood, and later Punkin and Whacko, continued to register episodes of the

7    Show for copyright protection under their names solely, and without including BBA.

8        16.    At no time did Burngood, Punkin and/or Whacko inform BBA that copyright registrations

9    for the Show were submitted, and that BBA was not included as a co-owner of the copyrights to

10   the Show in said registrations. Likewise, BBA, which reposed trust in its partner, joint venturer

11   and/or tenant-in-common, was not aware that Burngood, Punkin and/or Whacko had illicitly

12   registered the copyright in the Show solely under their respective names.

13       17.    Sometime after Season Five, in or about 1972, Banner ceased his involvement with the

14   Show, which continued for an additional six (6) seasons until September 1979.  At the end of its

15   run, the Show consisted of eleven (11) seasons and 278 episodes.

16       18.    Sometime after Season Eleven, Whacko edited various episodes of the Show into half-

17   hour installments, entitled "Carol Burnett and Friends" (the "Edited Versions"). In addition,

18   Burnett has appeared on several reunion shows based on the Show (the "Reunion Shows").

19       19.    It should be noted that the Show has been distributed in various forms and formats in the

20   United States by Whacko on television (syndication and cable licenses) and via home video

21   licenses to Columbia House, Guthy-Renker, and Time Life.

22       20.    The Show also gave rise to a spin-off sitcom entitled *Mama's House* (the "Spin-Off").

23   The Spin-Off originated from a sketch that appeared on the Show entitled *The Family*.  The Spin-

24   Off consisted of six (6) seasons of approximately one hundred thirty (130) episodes. BBA is

25   informed, believes and thereupon alleges that it continues to air today and has been released on

26   home video.

27       21.    Notwithstanding Whacko's continued exploitation and profit from the use of the Show,

28   and of the Edited Versions, the Reunion Shows, the Spin-Off and any other derivative works

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

COMPLAINT

1   based on the foregoing (collectively the "Derivative Works"), Whacko failed to provide BBA an

2   accounting of the profits earned, and BBA has received no share of the profits earned.

3   22.   Throughout this period, and continuing to the present day, Whacko has never clearly and

4   expressly repudiated BBA's co-ownership to the copyrights in the Show. Indeed, BBA is

5   informed, believes and thereupon alleges, that in or about late 2011 or early 2012, Burnett and/or

6   Whacko instructed Time Life, a third-party distributor that was seeking home video distribution

7   rights to the Show, to contact BBA for the purpose of securing said rights. Thus, by way of its

8   acts and omissions, Whacko has led BBA to believe that it is holding BBA's share of the profits

9   earned in trust.

10   23.   In or about February 2012, BBA's licensee Legendary Entertainment Alliance ("LEA")

11   was approached by Time Life. Time Life informed LEA that Burnett had informed Time Life

12   that BBA's consent was necessary for the purpose of securing distribution rights for the first five

13   seasons of the Show.

14   24.   During LEA's discussions with Time Life, Time Life requested that BBA provide it with

15   master copies ("Masters") of the first five seasons of the Show to include in a home video edition.

16   In its attempt to locate the Masters, BBA discovered that the Masters were given to an agent or

17   employee of Burnett on Burnett's behalf, and that BBA was not informed nor given copies of the

18   Masters. BBA is informed, believes and thereupon alleges that the Masters are currently in the

19   possession, custody, and/or control of Whacko and/or Burnett.

20   25.   The Masters are necessary for the purpose of securing future distribution and syndication

21   of the Show, as the Masters are the only means from which the Show can be duplicated. Thus,

22   without a copy of the Masters, BBA cannot make use of its rights to exploit and profit from the

23   Show.

24   26.   BBA is informed, believes and thereupon alleges that after LEA, on behalf of BBA, was

25   unable to provide Time Life with the requested Masters, Time Life negotiated directly with

26   Burnett and secured the Masters from Whacko and/or Burnett.

27   27.   In or about June 2012, Time Life announced its upcoming home video release of the

28   Show, which included sketches from the first five seasons of the Show. BBA is informed,

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1  believes and thereupon alleges that Time Life paid Burnett and/or Whacko a fee for the

2  distribution rights to the Show.

3  28.    BBA did not receive any compensation from Time Life for the home video distribution of

4  the show.  Indeed, BBA has not received an accounting from Burnett or Whacko for the profits

5  earned from granting Time Life distribution rights to the Show.

6  **Defendants Burnett and Whacko are Alter Egos**

7  29.    Plaintiff is informed and believes and hereon alleges that at all times mentioned herein

8  there existed a unity of interest in ownership between Defendant Burnett, on the one hand, and

9  Defendant Whacko, on the other hand, such that the individuality and separateness between them

10  ceased and that Defendant Whacko was the alter ego of Defendant Burnett, in that, among other

11  things, Burnett controlled, dominated, managed and operated Whacko as her alter ego;  Burnett

12  was and is the controlling shareholder and/or beneficial owner of Whacko as well as its President;

13  Whacko was and is a mere shell, instrumentality, and conduit through which Burnett carried on

14  her personal business in the corporate name; that the credit of one was and is used for the credit of

15  the other; that the obligations of one are paid by the other; that corporate formalities have been

16  disregarded; that the monies of Burnett and Whacko have been commingled and intermingled,

17  including monies received from the use and exploitation of the Show and the Derivative Works;

18  that Burnett has controlled and used Whacko as well as other entities affiliated with and

19  controlled by Burnett to divert revenues received from the use and exploitation of the Show and

20  the Derivative Works in order to avoid paying the debts and obligations owed to Burnett's and

21  Whacko's creditors, including those owed to Plaintiff as co-owner of copyrights to the Show; and

22  that the individuality of Whacko is a sham and fiction, and should be disregarded pursuant to the

23  doctrine of piercing the corporate veil.

24  ///

25  ///

26  ///

27  ///

28

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6710 San Vicente Blvd
Los Angeles, CA 90048

# FIRST CAUSE OF ACTION

## ACCOUNTING

### Against all Defendants

30.     BBA hereby incorporates by reference paragraphs 1 to 29 as though fully set forth herein.

31.     The copyright notice affixed to the closing credits of the first episode of the Show explicitly identifies BBA and Burngood as the valid copyright owners of the Show. BBA is informed and believes that each and every episode thereafter until 1971 contained a valid copyright notice identifying BBA and Burngood (or Punkin or Whacko) as co-owners of the copyrights to the Show.

32.     As co-owners of the copyrights in the Show, BBA and Whacko (and Burnett as its alter ego) are tenants-in-common and held by a duty to account to one another for profits earned from the use and exploitation of the Show

33.     To date, Whacko and/or its alter ego Burnett have made continued use and exploitation of the Show, including, but not limited to, earnings realized from home video distribution and television syndication of the Show, and Derivative Works.

34.     Whacko and its alter ego Burnett have failed to provide BBA an accounting of its earnings, and have failed to distribute any funds to BBA from the profits it has earned.

35.     Notwithstanding Whacko and Burnett's failure to account to BBA, Whacko and Burnett have never made a clear and express repudiation of BBA's co-ownership to the copyrights to the Show. Indeed, BBA is informed, believes and thereupon alleges, that Burnett and/or Whacko instructed Time Life to contact BBA for the purpose of securing home video distribution rights to certain seasons of the Show.   Thus, by way of its acts and omissions, Whacko and Burnett have led BBA to believe that they are holding BBA's share of the profits earned in trust.

36.     Accordingly, BBA hereby demands an accounting of the profits earned by Whacko and/or Burnett for the Time Life home video distribution deal.

37.     Furthermore, BBA requests an accounting of the profits Whacko and/or Burnett earned from the continuous use and exploitation of the Show, including, but not limited to, profits from distribution and syndication and other exploitation of the Show on television and home video

SCHWARCZ, RIMBERG, BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

- 6 -

1   (e.g., Columbia House and Guthy Renker) and any other media

2   38.     BBA also requests an accounting of the profits Whacko and/or Burnett earned from works

3   that originated from the Show, including, the Derivative Works.

### SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

**Against all Defendants**

7   39.     BBA hereby incorporates by reference paragraphs 1 to 38 as though fully set forth herein.

8   40.     In or about 1967, Banner and Burnett, by way of their respective business entities, BBA

9   and Burngood (and/or Punkin), entered into a Partnership and/or joint venture for the purpose of

10   creating and producing the Show.  Banner and Burnett, by way of their respective business

11   entities, BBA and Burngood (and/or Punkin), bore the losses and benefits of creating and

12   producing the Show.  The Partnership and/or joint venture continued until 1971.

13   41.     As a partner and/or joint venturer, Burnett and her business entity, Burngood (and/or

14   Punkin) – and thereby Whacko, which succeeded to all the rights, duties and obligations of

15   Burngood and Punkin – owe a fiduciary duty to act with the utmost good faith and in the best

16   interest of BBA, as well as a fiduciary duty of undivided loyalty to BBA.  Whacko also owes a

17   fiduciary duty to BBA as a tenant-in-common to the property interests in the copyrights.

18   42.     In its use and exploitation of the Show, Burnett and Whacko acted on behalf of BBA, as

19   its partner and/or joint venturer and/or tenant-in-common. Burnett and Whacko, however,

20   knowingly acted against BBA's interests, and thereby breached their fiduciary duty, by among

21   other things, (1) withholding copies of the Partnership property (i.e. the Masters), (2) failing to

22   inform BBA of its use and exploitation of the Partnership property (i.e. the Show), (3) failing to

23   provide BBA an accounting of the earnings realized from the use and exploitation of the

24   Partnership property, (4) continuing to hold money belonging to BBA in trust instead of releasing

25   the funds to BBA, and (5) knowingly excluding BBA from registration of the jointly held

26   copyrights to the Show.

27   43.     At no time did BBA impliedly or expressly consent to Burnett and Whacko's conduct.

28   44.     BBA was harmed as a result of Burnett and Whacko's conduct, and Burnett and Whacko's

COMPLAINT

1  conduct was a substantial factor in causing BBA's harm.

2  45.     Burnett and Whacko's conduct, as alleged herein, was willful, malicious, oppressive,

3  fraudulent, and/or with a knowing disregard for BBA's rights. Accordingly, BBA is entitled to

4  punitive damages.

5  ### THIRD CAUSE OF ACTION

6  ### CONVERSION

7  **Against all Defendants**

8  46.     BBA hereby incorporates by reference paragraphs 1 to 45 as though fully set forth herein.

9  47.     As the creator, producer and co-owner of the copyrights to the Show, BBA owns a

10  property right in and to the Masters of the Show.

11  48.     Sometime after February 2012, BBA discovered that the Masters were taken by an agent

12  or employee of Burnett on Burnett's behalf, and that BBA did not have copies of the Masters.

13  BBA is informed, believes and thereupon alleges that the Masters are currently in the custody,

14  control or possession of Whacko and/or Burnett.

15  49.     BBA did not consent to Defendants taking sole possession of the Masters.

16  50.     By failing to provide BBA copies of the Masters, Defendants intentionally and

17  substantially interfered with and are preventing BBA from having access to the Masters, and

18  exercising its property rights to use and exploit the Masters.

19  51.     The Masters are necessary for the purpose of securing future distribution and syndication

20  of the Show, as the Masters are the only means from which the Show can be duplicated. Without

21  a copy of the Masters, BBA cannot make use of its rights to exploit and profit from the Show.

22  52.     As a result, BBA has been harmed and continues to be harmed by Defendants' possession,

23  custody and/or control of the Masters. Defendants' conduct was a substantial factor in causing

24  BBA's harm.

25  ///

26  ///

27  ///

28

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

## FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**[Cal. *Bus. & Prof. Code* § 17200 et seq.]**

**Against all Defendants**

53.     BBA hereby incorporate by reference paragraphs 1 to 52 as though fully set forth herein.

54.     Defendants' failure to account to BBA in violation of *Cal. Corp. Code* § 16404(b)(1), and/or conversion of Plaintiff's property, as all other acts alleged herein, constitutes an unlawful, unfair or fraudulent act or practice under Cal. *Bus. & Prof. Code* § 17200 et seq.

55.     BBA is entitled to injunctive relief pursuant to Cal. *Bus. & Prof. Code* § 17203 to enjoin Defendants from continuing their unlawful, unfair or fraudulent practice.

56.     BBA is also entitled to restitution pursuant to Cal. *Bus. & Prof. Code* § 17203 of its portion of the profits Defendants have realized and retained, and unlawfully withheld.

57.     Defendants' unlawful, unfair or fraudulent act or practice have injured and will continue to injure BBA in amounts according to proof. Unless they are restrained from so doing, Defendants will continue to engage in the unlawful, unfair or fraudulent business practices alleged herein and will continue to cause irreparable injury to BBA, who has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, and requests relief as follows:

#### As to the First Cause of Action

1.     For a declaration of BBA's right to accounting;

2.     For an accounting of profits earned by Defendants from the Time Life home video distribution deal;

3.     For an accounting of profits earned by Defendants from the use and exploitation of the Show, including, but not limited to, profits from distribution and other exploitation of the Show on television, home video (e.g., Time Life, Columbia House and Guthy Renker) and all other media; and

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

1    4.    For an accounting of profits earned by Defendants from works that originated from the

2    Show, including, the Derivative Works.

3                    **As to the Second Cause of Action**

4    1.    For an award of damages in accordance with Civil Code section 3333;

5    2.    For pre-judgment interest as allowed by law;

6    3.    For punitive damages; and

7    4.    For such other and further relief as the Court deems just and proper.

8                    **As to the Third Cause of Action**

9    1.    For an award of actual damages in an amount sufficient to compensate BBA for any impairment

10   of the property or loss of its use;

11   2.    For pre-judgment interest as allowed by law;

12   3.    For specific recovery of the property; and

13   4.    For such other and further relief as the Court deems just and proper.

14                   **As to the Fourth Cause of Action**

15   1.    For equitable relief, including but not limited to, a preliminary injunction and/or

16   permanent injunction against Defendants enjoining them from continuing the unfair and/or

17   fraudulent business practices and/or unfair and/or fraudulent trade practices described herein;

18   establishing reasonable monitoring procedures to ensure that Defendants do not engage in unfair

19   and/or fraudulent business practices and/or unfair and/or fraudulent trade practices in the future;

20   and other appropriate injunctive relief;

21   2.    For restitution and disgorgement of profits and/or other revenue from Defendants'

22   wrongful, unfair and deceptive conduct;

23   3.    For pre-judgment interest as allowed by law;

24   4.    For all appropriate statutory damages and attorney's fees under California law

25        (CCP §1021.5); and

26   5.    For such other and further relief as the Court deems just and proper.

27   ///

28   ///

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues to which it is entitled to have tried by jury.

Dated: November 21, 2012

SCHWARCZ, RIMBERG, BOYD & RADER LLP

By: _____
DAVID SCHWARCZ
DARCY R. HARRIS
SHERLI SHAMTOUB
Attorney for Plaintiff

COMPLAINT

# EXHIBIT C

ORIGINAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
DAVID SCHWARCZ, ESQ. (SBN 152896)
Schwarcz, Rimberg, Boyd & Rader, LLP
6310 San Vicente Blvd., Suite 360
Los Angeles, CA 90048
TELEPHONE NO.: (323) 302-9488    FAX NO.: (323) 931-4990
ATTORNEY FOR *(Name):* Plaintiff Bob Banner Associates, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 2 1 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Istlaylia Chambers

CASE NAME:
Bob Banner Associates, Inc. v. Whacko, Inc. et. al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 496115  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 20, 2012
DAVID SCHWARCZ
_____
(TYPE OR PRINT NAME)                    ▶    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

EXHIBIT C

 

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

ORIGINAL

BC496115

| SHORT TITLE:<br>Bob Banner Associates, Inc. v. Whacko, Inc. et. al | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-8   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>         assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal-Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Bob Banner Associates, Inc. v. Whacko, Inc. et. al | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Bob Banner Associates, Inc. v. Whacko, Inc. et. al | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Bob Banner Associates, Inc. v. Whacko, Inc. et. al | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS: 5900 WILSHIRE BLVD #2300 |
|---|---|
| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90036 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: November 20, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# EXHIBIT D

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**   B C 4 9 6 1 1 5

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

EXHIBIT D

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

# EXHIBIT E

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

  **Cases for Which Arbitration May Be Appropriate**
  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

  **Cases for Which Arbitration May Not Be Appropriate**
  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

  **Cases for Which Mediation May Be Appropriate**
  Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

  **Cases for Which Mediation May Not Be Appropriate**
  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

  **Cases for Which Neutral Evaluation May Be Appropriate**
  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

  **Cases for Which Neutral Evaluation May Not Be Appropriate**
  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| | | |
|---|---|---|
| LAADR 005 (Rev. 01-12)<br>LASC Adopted 10-03<br>For Mandatory Use | **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION** | Cal. Rules of Court, rule 3.221<br>Page 1 of 2 |



EXHIBIT E

## COURT ADR PROGRAMS

CIVIL:

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):

- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

**Random Select Panel**  The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-803-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-8130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

Cal. Rules of Court, rule 3.221
Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA.  For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621.  The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Click on the button to select the appropriate court address.

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                 ☐ Neutral Evaluation

☐ Arbitration (non-binding)     ☐ Settlement Conference

☐ Arbitration (binding)        ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____ .

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

# EXHIBIT F

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

EXHIBIT F

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span>(INSERT DATE)</span>                                       <span>(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____         ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____         ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____         ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

     It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

# EXHIBIT G

THIS HAS BEEN A
BURNGOOD, INC.,
AND
BOB BANNER ASSOCIATES
PRODUCTION
IN ASSOCIATION WITH THE
CBS TELEVISION NETWORK

© MCMLXVII
All Rights Reserved



# EXHIBIT H



EXHIBIT H



—This is the product of

# BURN GOOD INC

and

# BOB BANNER ASSOCIATES PRODUCTION

In association with

# CBS TELEVISION NETWORK

MCMLXVII BURN GOOD
All rights reserved

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

On January 4, 2013, I served the foregoing document described as **DEFENDANTS' NOTICE OF REMOVAL** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

David R. Schwarcz, Esq.
Schwarcz, Rimberg, Boyd & Rader, LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, CA 90048

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐    **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) by electronic mail, and no error was reported. Said electronic mail transmission(s) were directed as indicated on the service list.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 4, 2013, at Los Angeles, California.

/s/
Kathryn Toyama

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV13- 83 R   (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

BOB BANNER ASSOCIATES, INC.,
a California corporation

**DEFENDANTS**

WHACKO, INC., a California corporation;
CAROL BURNETT, an individual

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David R. Schwarcz, Esq., Schwarcz, Rimberg, Boyd & Rader, LLP
6310 San Vicente Boulevard, Suite 360, Los Angeles, CA 90048
Telephone: (323) 302-9488

Attorneys (If Known)
Joel McCabe Smith / Elizabeth L. Schilken
Leopold, Petrich & Smith, P.C.
2049 Century Park East, Suite 3110, Los Angeles, CA 90067-3274
Telephone: (310) 277-3333

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** **JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. § 26 (1909 Copyright Act); 17 U.S.C. §§ 101, 201 (1976 Copyright Act) accounting based on alleged co-authorship

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | CIVIL RIGHTS | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 441 Voting | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 442 Employment | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 443 Housing/Accommodations | | |
| | | ☐ 444 Welfare | | |
| | | ☐ 445 American with Disabilities - Employment | | |
| | | ☐ 446 American with Disabilities - Other | | |
| | | ☐ 440 Other Civil Rights | | |

*(Additional PERSONAL PROPERTY entries: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability. BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157)*

**FOR OFFICE USE ONLY:** Case Number: CV13-00083

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:*   Los Angeles | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| BOB BANNER ASSOCIATES, INC., a California corporation | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:*   Los Angeles | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| WHACKO, INC., a California corporation; CAROL BURNETT, an individual | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:*   Los Angeles | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Neil McCabe_   Date   January 4, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

On January 4, 2013, I served the foregoing document described as **CIVIL COVER SHEET** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

David R. Schwarcz, Esq.
Schwarcz, Rimberg, Boyd & Rader, LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, CA 90048

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:**  I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

☐    **BY ELECTRONIC MAIL:**  I transmitted a true copy of said document(s) by electronic mail, and no error was reported.  Said electronic mail transmission(s) were directed as indicated on the service list.

☐    **BY OVERNIGHT MAIL:**  I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.  The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 4, 2013, at Los Angeles, California.

/s/
Kathryn Toyama