JOEL McCABE SMITH (State Bar No. 50973)
ELIZABETH L. SCHILKEN (State Bar No. 241231)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
Email: jsmith@lpsla.com

Attorneys for Defendants and
Counterclaimants WHACKO, INC.
and CAROL BURNETT, and
Counterclaimant MABEL CAT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BANNER ASSOCIATES, INC., a California corporation, | CASE NO.: CV13-00083 R (VBKx) |
| Plaintiff, | **ORDER RE STIPULATION FOR PROTECTIVE ORDER** |
| v. | |
| WHACKO, INC., a California corporation; CAROL BURNETT, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |
| _____ | |
| MABEL CAT, INC., a California corporation; WHACKO, INC., a California corporation; and CAROL BURNETT, an individual, | |
| Counterclaimants, | |
| v. | |
| BOB BANNER ASSOCIATES, INC., a California corporation, LEGENDARY ENTERTAINMENT ALLIANCE, LLC, a California limited liability company, previously sued herein as ROE 1, and ROES 2 - 100, inclusive, | |
| Counterdefendants. | |

1

**[PROPOSED] ORDER RE STIPULATION FOR PROTECTIVE ORDER**
Proposed Order re Stipulation for Protective Order.doc

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

1    This Court, having read and considered the Stipulation for Protective Order
2  submitted by Plaintiff and Counterdefendant Bob Banner Associates, Inc.,
3  Counterdefendant Legendary Entertainment Alliance, LLC, Defendants and
4  Counterclaimants Whacko, Inc. and Carol Burnett, and Counterclaimant Mabel Cat,
5  Inc., by their attorneys (collectively, the "Parties"), and finding good cause therefor,
6  orders that:
7    1.    This Stipulation for Protective Order shall govern the production, use and
8  handling of confidential, proprietary and/or private documents and information
9  produced by parties in this litigation in response to written discovery and in initial
10 disclosures (collectively "Confidential Material" or "Material").  All Confidential
11 Material subject to this Protective Order shall be used solely for the prosecution,
12 defense or settlement of this action and shall not be used by any other party, other than
13 the party that produced it, in any other litigation, for business, competitive, or
14 publicity purposes, or for any other purpose whatsoever.
15   2.    Any party responding to discovery or otherwise ("Designating Party")
16 may designate Confidential Material by placing a "Confidential" stamp on each page
17 so designated, for each document or information that, in good faith, the party believes
18 is confidential, proprietary and/or private.  Documents and written discovery
19 responses shall be designated as "Confidential" at the time of production.  In addition,
20 if a party files or lodges papers with the Court that incorporate Confidential Material,
21 those unredacted papers, or the Confidential portions thereof, shall be treated as
22 Confidential Material.
23   3.    The inadvertent production of any confidential, private or proprietary
24 material during the scope of this action, regardless of whether the material was
25 designated Confidential at the time of disclosure, shall not be deemed a waiver of a
26 party's claim to confidentiality and shall not constitute a waiver of a party's right to
27 subsequently designate such material as Confidential.
28   4.    Confidential Material shall not include, and this Stipulation for Protective

Order shall not be construed to apply to, any information that: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public domain other than as a result of disclosure in violation of this Stipulation; or (c) has come or shall come into a receiving party's possession from sources other than the Designating Party.

5. Confidential Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraph 6 below, without the <u>advance written authorization</u> of the party that produced it.

6. Confidential Material may only be disclosed to the following:

    a. To the Court, subject to paragraph 7 below;

    b. The attorneys of record for the parties to this litigation, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation or the related litigation;

    c. Experts retained or consulted by any party or their counsel as required to assist in the conduct of this litigation, provided that prior to disclosure, any such expert is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms;

    d. The parties to this litigation, to the extent that such disclosure is necessary for the prosecution, defense or settlement of this litigation;

    e. Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel in connection with this litigation; and

    f. Authors, addressees or recipients of the Confidential Material; and

    g. Any person of whom testimony is taken in this action, provided

that prior to disclosure, any such person who does not also fall into another subcategory of this paragraph is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms.

7. Prior to lodging or filing with the Court any Material that has been designated Confidential, the party who wishes to lodge or file such Confidential Material shall give <u>written notice</u> to the party who designated the Material as Confidential. With respect to motion papers, the party who designated the Material as Confidential shall have five (5) business days from the receipt of such written notice to apply to the Court for an order sealing the Material. With respect to opposition or reply papers, the party who designated the Material as Confidential shall have three (3) business days from the receipt of such written notice to apply to the Court for an order sealing the Material. The Material designated as Confidential may not be lodged or filed with the Court by the non-designating party prior to the expiration of the notice period or until the designating party has applied to the Court to have the Material sealed, whichever comes first, unless the non-designating party chooses to file an application to have the Material sealed for purposes of including the material with an accompanying filing. However, once the application to have the Material sealed is filed, and pending a resolution of the application, the Material designated as Confidential may not be lodged or filed with the Court unless it is placed in a separate sealed envelope or sealed container with the designation "CONDITIONALLY UNDER SEAL." Any party who stipulates to, fails to oppose, or files a motion to seal does not waive its right to later object to or challenge any designation of the Material as Confidential.

8. Any party to this stipulation has the right to challenge a designation of information as "Confidential" pursuant to this Protective Order. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge

thereto.

(a)  Any party may in good faith object to the designation of any material as "Confidential" by providing written notice of such objections to the Designating Party.  The grounds for objection shall be stated with reasonable particularity.

(b)  The Parties shall thereafter make a reasonable and good faith attempt to resolve the issue informally.  If the dispute cannot be resolved within fourteen (14) days, the Designating Party may, within fourteen (14) days thereafter, apply to the Court for a protective order limiting the use and dissemination of the challenged Material.  The burden of proving that the challenged Material has been properly designated as "Confidential" is on the Designating Party.  The challenged Material shall be treated as confidential until such time as the Court has ruled on the motion for a protective order.

9.  Within thirty (30) days of the conclusion of all proceedings, each party shall return all Material designated Confidential to the party on whose behalf such Material was produced, provided, however, that each Party's outside counsel may retain a copy of such material for its records if it deems such retention necessary. With permission in writing from the Designating Party, a receiving party may destroy some or all of the Confidential Material and provide a certification of such destruction to the Designating Party, instead of returning it.

10.  This Protective Order shall continue to be binding throughout this litigation and after its conclusion.  The final award in this action shall not relieve any person to whom Confidential Material has been disclosed from the obligation of maintaining the confidentiality of such information as set forth herein.   However, this Stipulation for Protective Order shall in no way govern the use of Confidential Material at trial ("trial," as used in this paragraph, does not include matters such as pre-trial motions and motions in limine).  Any concerns regarding confidential information and procedures to be used at trial with respect thereto should be raised by

the concerned parties at or prior to the Final Pretrial Conference to be addressed by the Court.

11. All disputes concerning matters falling within the scope of or relating to the interpretation of this Stipulation for Protective Order shall be submitted for ruling to the Court. At any hearing on such submitted matter, all persons not specifically contemplated by Paragraph 6 shall be excluded from the hearing.

By entering into this Stipulation for Protective Order, the Parties do not waive any right(s) to assert the attorney client privilege, work product doctrine, financial privacy or any other objection that could be raised in response to any party's discovery requests. Further, nothing in this Stipulation for Protective Order shall limit any Party's right or ability to seek an amendment or adjustment of this Order from the Court.

**IT IS SO ORDERED.**

Dated: March 19, 2013

_____
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

On March 18, 2013, I served the foregoing document described as **[PROPOSED] ORDER RE STIPULATION FOR PROTECTIVE ORDER** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

| | |
|---|---|
| David R. Schwarcz, Esq. | *Counsel for Plaintiff and Counterdefendant* |
| Schwarcz, Rimberg, Boyd & Rader, LLP | *Bob Banner Associates, Inc., and* |
| 6310 San Vicente Boulevard, Suite 360 | *Counterdefendant Legendary Entertainment* |
| Los Angeles, CA 90048 | *Alliance, LLC* |

☒  **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐  **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐  **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) by electronic mail, and no error was reported. Said electronic mail transmission(s) were directed as indicated on the service list.

☐  **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was deposited with delivery fees thereon fully prepaid.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 18, 2013, at Los Angeles, California.

/s/
_____
Kathryn Toyama